### GRANTHAM *v.* WESTER.

BECK, J. 1. While possession by the husband with his wife is presumptively his possession, this presumption may be rebutted. Civil Code (1910), § 4528.

2. Under the evidence in this case it became a question for determination by the jury, as to whether the possession of the land in controversy by the husband with his wife, who is the mother of the plaintiff in the case and through whom the plaintiff claims by descent and by purchase from her other heirs, was the possession of the wife or of her husband.

3. In case of a determination of that question in favor of the wife's possession, there was evidence authorizing the jury to find that the plaintiff's mother had had such prior possession of a portion of the land sued for as would authorize a recovery by her heirs of a portion of the land the title to which had not passed out of the plaintiff's mother by various conveyances before her death.

4. While, if the evidence had been material, it would have been competent to have shown by parol testimony that the father of the plaintiff's mother "paid for this land and took no deed," and such evidence was not objectionable on the ground that it appears from other portions of the testimony that a receipt was taken for the money paid and that this receipt was the highest evidence, the exclusion of the testimony affords no ground for the grant of a new trial in this case, inasmuch as there is no connection between the title of the plaintiff's mother, through whom he claims, and that of the mother's ancestor who had bought and paid his money for the land but took no deed to the same, there being no evidence that the plaintiff's mother had been put in possession of the land by the ancestor of hers referred to.

5. The other evidence which the court repelled and of which ruling complaint is made in the motion for a new trial, so far as the same was at all material, falls in one of two classes, viz., parol evidence to estab-

lish a contract for the sale of land, or parol evidence relating to facts of which there existed higher and better evidence. The exclusion of such evidence was not error.

6. The evidence in the case did not demand a finding in favor of the defendant, but the question of the right of the plaintiff to recover upon the alleged prior possession of his mother should have been left to the determination of the jury.

*Judgment reversed. All the Justices concur.*

MARCH 3, 1911.

Complaint for land. Before Judge Reagan. Pulaski superior court. January 1, 1910.

*Herbert L. Grice,* for plaintiff.

*Howard E. Coates* and *Claud Estes,* for defendant.